

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA



12-102931

THOMAS NECKLE

PLAINTIFF(S),

VS.

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC

DEFENDANT(S).
_____/

SUMMONS, COMPLAINT

CASE #: 12021355
COURT: CIRCUIT COURT
COUNTY: BROWARD
DFS-SOP#: 12-102931

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 1st day of August, 2012 and a copy was forwarded by Electronic Delivery on the 3rd day of August, 2012 to the designated agent for the named entity as shown below.

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC
DEIRDRE M MACCARTHY   (deirdre.maccarthy@floridablue.com)
·ASST GENERAL COUNSEL
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.
4800 DEERWOOD CAMPUS PKWY, DCC 107
JACKSONVILLE, FL  32246

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

LAWRENCE J. MCGUINNESS
SUITE 100
1627 S.W. 37TH AVENUE
MIAMI FL 33145

AJ1

Division of Legal Services - Service of Process Section
200 East Gaines Street  · P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 · Fax (850) 922-2544

EXHIBIT B

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN & FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

THOMAS NECKLE,         CASE NO. **12021355**

      Plaintiff,

vs.

BLUE CROSS BLUE SHIELD
OF FLORIDA, INC.,

      Defendant.       **SUMMONS**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint in this action on Defendant **BY SERVING, PURSUANT TO F.S. §48.091**:

    Registered Agent:    Chief Financial Officer
                            200 E. Gaines St.
                            Tallahassee, Fl 32399

    If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

    **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

    1.    The president or vice president, or other head of the corporation; and/or in his or her absence;

    2.    The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

    3.    Any director; and in the absence of all of the above; or

    4.    Any officer or business agent residing in the state.

ERIC LARSON
2ND JUDICIAL CIRCUIT
CERTIFIED PROCESS SERVER #063

-1-

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Tel No.: (305) 448-9557
Fax No.: (305) 448-9559

Attention: LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____, 2012.

JUL 3 0 2012

**HOWARD C. FORMAN**

Clerk of the Court

By: __[MARITZA PRIETO]__
    as Deputy Clerk

**A TRUE COPY**
Circuit Court Seal



IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN & FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

THOMAS NECKLE, : CASE NO. **12021355**
:
    Plaintiff, :
vs. :
:
BLUE CROSS BLUE SHIELD :
OF FLORIDA, INC., :
:
    Defendant. : COMPLAINT
_____/

A TRUE COPY
JUL 30 2012
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

1. Plaintiff, through counsel, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") against Defendant for unpaid overtime in violation of the FLSA and for owed/accrued commissions, vacation pay and sick-pay. Plaintiff's damage claim exceeds $15,000.00, exclusive of interest, fees and costs.

2. Plaintiff worked for Defendant as a non-exempt Hourly Employee from 2/08 through 6/18/12 as a Sales Representative. Plaintiff is a covered employee for purposes of the FLSA. Starting in 12/09, while employed by Defendant, Plaintiff worked an average of 6+ unpaid overtime hours per work week.

3. Defendant, which had gross revenues in excess of $500,000.00 during the time that Plaintiff worked for it, is subject to the FLSA and it is within the jurisdiction of this Court and, at all times pertinent to this Complaint, was engaged in interstate commerce.

4. At all times hereafter mentioned, Defendant was engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## C. VENUE & JURISDICTION

5. This action is brought by Plaintiff to recover from Defendant unpaid overtime, owed commissions and unpaid bonuses, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

6. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

7. By reason of his employment with Defendant, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to the those interstate activities described herein which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his job duties and functions, was engaged in commerce.

8. All conditions precedent (if any) to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANT

9. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-8 above.

10. Plaintiff worked more than forty (40) hours per work week and Defendant did not pay him all of his owed overtime pay. Plaintiff's managers (Martha Garcia, Clara Molina and Jose Peralta, ) would reduce and/or eliminate Plaintiff's overtime pay (as well as the other 13 Sales Representatives working with him) to lower their department's wage costs. In addition, Defendant had a policy and practice of having Plaintiff work off the clock (e.g., work on day's off and outside events) which resulted in him not being paid overtime for such hours.

11. Based on ¶10, Plaintiff is entitled to be paid at the rate of time and one half for all hours worked in excess of forty (40) per workweek for his entire employment with Defendant.

12. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime compensation by its failure to pay Plaintiff for all of his overtime hours in accordance with the FLSA.

13. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which he has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## COUNT II
## CLAIM OF OWED COMMISSIONS & ACCRUED VACATION/SICK PAY AGAINST DEFENDANT

14. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-8 above.

15. At the time of hire, Defendant agreed to pay Plaintiff commissions and his accrued vacation pay and sick pay.

16. Defendant breached its agreement with Plaintiff by failing to pay Plaintiff commissions for April through June 2012 and by refusing to pay him his accrued vacation pay (156.4 hours) and sick pay resulting in damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, reasonable attorney's fees and costs of suit pursuant to §448.08, Fla. Stat., and for all proper relief as allowed by the Court.

## COUNT III
## VIOLATION OF 29 U.S.C. § 215(a)(3) AGAINST DEFENDANT

17. Plaintiff readopts and reallege the allegations contained in ¶¶ 1-10 above.

18. Shortly before Defendant fired Plaintiff, Plaintiff complained to Defendant's management about its overtime violations as provided at Count I above.

19. Based on Plaintiff's complaint as provided at ¶18, Defendant retaliated against Plaintiff by firing him.

20. Based on ¶¶ 18-19, Defendant violated 29 U.S.C. §215(a)(3) causing Plaintiff damages and Plaintiff is entitled to liquidated damages based on the Employer's reckless disregard of the provisions of the FLSA.

-4-

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3) for his damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury for Counts I-III.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, FL 33145
Tel (305) 448-9557
Fax (305) 448-9559
ljmpalaw@netzero.com

s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com